UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
JOSE VALENTIN and                                    Index No.:
LETYA CROSBY

                           Plaintiffs,         **COMPLAINT**

      -*against*-                                          Jury Trial Demanded

The CITY OF NEW YORK and
DETECTIVE FRANCESCO ALLEVATO

                           Defendants.
-------------------------------------------------------------X

      Plaintiffs, JOSE VALENTIN and LETYA CROSBY, by their attorney, Alexis G. Padilla, Esq., complaining of the defendants, The CITY OF NEW YORK and Detective FRENCESCO ALLEVATO, Shield No.: 7161 ("ALLEVATO"), upon information and belief alleges as follows:

## PRELIMINARY STATEMENT

      1.    This is a civil rights action in which the plaintiffs, JOSE VALENTIN and LEYTA CROSBY, seek relief for the defendants' violation of their rights as secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Plaintiffs seek compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

## JURISDICTION AND VENUE

      2.    This action is brought pursuant to 42 U.S.C. § 1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331 and 1343, this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. Venue in this District is proper under 28 U.S.C. § 1391(b) and (c) in that the events giving rise to this claim occurred within the boundaries of the Eastern District of New York.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## PARTIES

5. Plaintiff JOSE VALENTIN is a United States citizen of full age and a resident of Kings County, New York.

6. Plaintiff LETYA CROSBY is a United States citizen of full age and a resident of Kings County, New York.

7. Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers. Defendant CITY OF NEW YORK was at all times relevant herein the public employer of the defendant police officer.

8. Defendant DETECTIVE FRENCESCO ALLEVATO was at all times relevant herein a duly appointed and acting officer, servant, employee and agent of the New York Police Department, a municipal agency of the City of New York. At all times relevant herein, defendant ALLEVATO acted under color of the laws, statutes, ordinances, regulations, policies, customs and/or usages of the State of New York and the New York Police Department, in the course and

scope of his duties and functions as an officer, agent, servant and employee of the City of New York, was acting for, and on behalf of, and with the power and authority vested in him by the City of New York and the New York Police Department, and was otherwise performing and engaging in conduct incidental to the performance of his lawful functions in the course of his duty. He is sued individually and in his official capacity.

## STATEMENT OF FACTS

9. On September 14, 2017 at approximately 6:00 A.M. plaintiffs were asleep inside of apartment 12B at 370 Bushwick Avenue in Brooklyn, when a group of police officers, including defendant ARREVATO, arrived with a search warrant.

10. Apartment 12B at 370 Bushwick Avenue is plaintiff CROSBY's family home. The apartment has four bedrooms, one of which belongs to her.

11. When police arrived on the morning of September 14, 2017 plaintiffs were together inside of this bedroom along with their minor child.

12. Defendant ALLEVATO led the search of plaintiffs' room.

13. Inside of a dresser drawer defendant ALLEVATO discovered exactly five thousand dollars in cash belonging to plaintiffs. He discovered an additional eighty-four dollars in cash in their affects.

14. Plaintiffs, along with three other adults who were also in the apartment, were arrested and transported to the 90th Precinct of the New York Police Department, where they were detained for approximately fourteen hours.

15. From the 90th Precinct, plaintiffs were transported to Central Booking in Brooklyn where they remained for approximately ten hours before arraignment.

16. In a sworn criminal complaint filed with the Criminal Court for King's County dated September 14, 2017, defendant ALLEVATO falsely stated that he discovered a Ziplock bag containing cocaine inside of a dresser drawer in plaintiffs' room.

17. Additionally, in the property vouchers filed by defendant ALLEVATO he claimed that he only discovered $1,084.00 in cash even though he actually seized $5,084.00.

18. Plaintiffs adamantly deny that there was ever a bag of cocaine inside of the dresser drawer as alleged or that there was cocaine present anywhere else in the apartment.

19. As a result of defendant ALLEVATO's false statements and illegal acts plaintiffs each suffered approximately twenty-four hours of false imprisonment and were forced to defend against baseless charges that were ultimately dismissed.

20. Plaintiffs were also deprived of exactly four thousand dollars by defendant ALLEVATO who, upon information and belief, used a portion of that money to buy platters of breakfast food for his fellow officers and colleagues at the 90th precinct station house. From where plaintiffs were detained in the holding cells they could see the officers helping themselves to food that was purchased with money they'd been saving to get an apartment of their own.

## AS FOR A FIRST CAUSE OF ACTION

*False Arrest in violation of 42 U.S.C. § 1983 against defendant ALLEVATO*

21. Plaintiffs repeat, reiterate and assert each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

22. At all times during the events described above, defendant ALLEVATO lacked probable cause to arrest plaintiffs.

23. At all times during the events described above defendant ALLEVATO acted under the color of state law.

24. The acts complained of were carried out by defendant ALLEVATO in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

25. The arrest of plaintiffs by defendant ALLEVATO deprived plaintiffs of the right to be free from arrest not based upon probable cause guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

26. As a result of the aforementioned acts of defendant ALLEVATO plaintiffs each suffered a period of false imprisonment lasting approximately 24 hours.

## AS FOR A SECOND CAUSE OF ACTION

*Malicious Prosecution in violation of 42 U.S.C. § 1983 as against defendant ALLEVATO*

27. Plaintiffs repeat, reiterate and assert each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

28. At all times during the events described above, defendant ALLEVATO lacked probable cause to charge plaintiffs with possessing cocaine.

29. At all times during the events described above defendant ALLEVATO acted under the color of state law.

30. The acts complained of were carried out by defendant ALLEVATO in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

31. The false criminal charges filed against plaintiffs by defendant ALLEVATO deprived plaintiffs of the right to be free from prosecution not based upon probable cause guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

32. As a result of the aforementioned acts of defendant ALLEVATO plaintiffs were each forced to defend against baseless charges that required them to appear in court on numerous occasions and in the case of plaintiff VALENTIN, to retain counsel at considerable cost.

## AS FOR A THIRD CAUSE OF ACTION

*Deprivation of property without due process of law in violation of 42 U.S.C. § 1983*

33. At all times during the events described above, defendant ALLEVATO lacked probable cause to seize plaintiffs' property.

34. At all times during the events described above defendant ALLEVATO acted under the color of state law.

35. The acts complained of were carried out by defendant ALLEVATO in his capacity as a police officer, with all actual and/or apparent authority afforded thereto.

36. The taking of plaintiffs' money by defendant ALLEVATO deprived plaintiffs of the right to be free from the deprivation of property without due process of law guaranteed to citizens of the United States by the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

37. As a result of the aforementioned acts of defendant ALLEVATO plaintiffs have been deprived of their property for an ongoing period lasting more than six months at the time of this Complaint.

## AS FOR A FOURTH CAUSE OF ACTION

*Municipal Liability under 42 U.S.C. § 1983 against the City of New York*

38. Plaintiffs repeat, reiterate and assert each and every allegation contained in the previous paragraphs with the same force and effect as if fully set forth herein.

39. The CITY OF NEW YORK directly caused the constitutional violations suffered by plaintiffs, and is liable for the damages suffered by plaintiffs as a result of the conduct of the police officer defendant because his conduct was a direct consequence of inadequate training and supervision of police officers by defendant CITY OF NEW YORK and its agent, the New York Police Department.

40. At all times relevant to this complaint defendant CITY OF NEW YORK through its agent, the New York Police Department, had in effect policies, practices, and customs that allow for police officers to use force, make arrests and file criminal charges without probable cause and in flagrant violation of their sworn oaths to uphold the Constitution.

41. At all times relevant to this complaint it was the policy and/or custom of the CITY OF NEW YORK to inadequately train, supervise, and discipline its police officers, thereby failing to adequately discourage reckless misadventures of the sort described in this complaint.

42. As a result of the policies and customs of the CITY OF NEW YORK and its agency the New York Police Department, police officers – including defendant ALLEVATO on the day of the incident in question – believe that their unconstitutional actions will not result in discipline but will in fact be tolerated.

43. The wrongful polices, practices and customs complained of herein demonstrate a deliberate indifference on the part of policymakers of the CITY OF NEW YORK to the constitutional rights of persons within the city, and were the direct and proximate cause of the violations of plaintiff's rights alleged herein.

**WHEREFORE,** plaintiff demands relief jointly and severally against all of the defendants for compensatory damages in an amount to be determined by a jury; punitive

damages in an amount to be determined by a jury; costs, interest and attorney's fees, and such other and further relief as this Court may deem just and proper.

Dated: 03/26/2018
      Brooklyn, NY

                                  By:      */s/Alexis G. Padilla*
                                          Alexis G. Padilla, Esq. [AP8285]
                                          *Attorney for Plaintiffs*
                                          *Jose Valentin and Leyte Crosby*
                                          575 Decatur Street #3
                                          Brooklyn, NY 11233
                                          (917) 238-2993
                                          alexpadilla722@gmail.com